### GALVESTON, H. & S. A. RY. CO. v. HOLLAN. (No. 8127.)

Court of Civil Appeals of Texas. San Antonio. Jan. 16, 1929.

Rehearing Denied Feb. 20, 1929.

Baker, Botts, Parker & Garwood, of Houston, and Kleberg & North, L. T. Atkeson, and M. G. Eckhardt, Jr., all of Corpus Christi, for appellant.

W. B. Moss, of Sinton, and H. S. Bonham, of Beeville, for appellee.

SMITH, J. This is an ordinary suit for damages to a shipment of 233 cattle from Hallettsville, Tex., to McCampbell, a distance of 140 or 150 miles by rail. It was claimed by appellee that the carrier delayed and roughly handled the cattle, resulting in the death of some of them, and injuries to others. The appeal is predicated solely upon the findings of the jury, appellant claiming that those findings are without support in the evidence. No objections are made to the court's charge, nor to the admission or exclusion of evidence.

In its first and second propositions appellant contends that there was no evidence to support the jury's finding that the cattle were delayed and roughly handled in transit. We overrule this proposition. It is true that appellant's trainmen testified somewhat in detail that the shipment was moved without delay or rough handling from point of origin to destination. But there was evidence, on the other hand, that the time made by the shipment was about 8 miles an hour, that this was not within the usual and customary time; that, although the shipment reached Sinton at 6:30 or 7 o'clock in the morning, they did not arrive at the destination, 4 miles further, until 11 or 12 o'clock; that the cars containing the cattle were delayed and held standing on the side track at Sinton several hours, and that such delays cause the cattle to become restless and get down in the cars, where they trample upon and injure each other; that, although the cattle were in good shipping condition when delivered to the carrier, 5 cows and 9 calves died en route or within a day or two after delivery at destination; 30 others were badly bruised and crippled, and all those remaining were in an injured condition. No one representing the shipper accompanied the shipment, and appellant's employés accompanying it offered no explanation, satisfactory to the jury, of the injuries received by the cattle in transit. All this testimony, taken with other testimony not deemed necessary to set out, warranted the jury in making the finding objected to. The further finding, that the injuries to the cattle were not occasioned by any inherent vices of the animals, is likewise supported by the evidence. Appellant's fourth proposition is overruled. The third proposition is hypercritical, and will be overruled.

Complaint is made in appellant's fifth and sixth propositions that there was no evidence to support the finding of the jury as to the amount of damages awarded appellee, and that the verdict is excessive. The testimony shows that 5 cows and 9 calves died as a result of injuries received in transit, and that, had they been properly transported and delivered, the cows would have had a market value of $37.50 each, and the calves a market value of $25 each, which amounts to $412.50 of the total damages found, which was $844. Appellee testified that "about 30 head of the remainder of these cattle" were so badly injured in transit that their market value was "not more than $25 per head." Appellant urges that it is not shown whether these 30

head consisted of cows, or calves, or indiscriminately of both cows and calves, and that therefore this element of damages should be eliminated because insusceptible of definite calculation. We think it quite clear, however, from the context of appellee's testimony, that the 30 head consisted of cows only, whereby additional damage in the sum of $375, or a total damage, because of the dead cattle and the 30 injured cows, of $787.50. In addition to these items, it appears from appellee's testimony that the injuries to the remaining 188 cattle reduced their market value $9.50 or $8.50 per head in the case of cows, and $2 per head in the case of calves. But there was no testimony showing how many of the 188 head were cows, or how many were calves, and hence no basis for a correct calculation of the damages. However, if all had been calves, the damage on account of this item would have been $2 per head, or a minimum total of $376, which, added to the damages on the other items enumerated, makes an aggregate damage of $1,163.50. From these facts we conclude that the verdict for $844 was warranted by the evidence, and we have no power to hold it excessive in amount.

The judgment is affirmed.